**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4747**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN WESLEY BLACKMON, JR.,

Defendant - Appellant.

**No. 05-4850**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JOHN WESLEY BLACKMON, JR.,

Defendant - Appellee.

Appeals from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (CR-04-93)

Submitted: April 7, 2006          Decided: May 10, 2006

Before MOTZ, KING, and SHEDD, Circuit Judges.

--------

Vacated and remanded by unpublished per curiam opinion.

--------

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant/Cross-Appellee. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee/Cross-Appellant.

--------

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Wesley Blackmon, Jr., appeals his 200-month imprisonment sentence imposed on his guilty plea to a one-count indictment for conspiracy to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000) (Appeal No. 05-4747). He does not challenge his conviction. The Government filed a timely cross-appeal, which also is currently pending (Appeal No. 05-4850).

Prior to Blackmon's plea, the Government filed an information pursuant to 21 U.S.C. § 851, noticing its intention to rely on a prior felony conviction for sentencing purposes. During his plea colloquy, Blackmon was advised, and stated that he understood, that he faced a mandatory minimum term of imprisonment of at least twenty years' imprisonment if he had a prior felony conviction.

The probation officer determined that Blackmon's base offense level was 36, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(a)(2) (2004), based on accountability for 1.47 kilograms of cocaine base. The probation officer added four levels for role in the offense, pursuant to USSG § 3B1.1(a), and then reduced three levels for acceptance of responsibility, pursuant to USSG § 3E1.1(a), for a total offense level of 37. With a criminal history category of V, the probation officer calculated Blackmon's guideline range to be 324 to 405 months' imprisonment. Blackmon

filed objections to the presentence report, which objections included, <u>inter alia</u>, challenges to the calculation of the drug quantity, both factually and on Sixth Amendment grounds, to the four-level enhancement for his role in the offense, and to his being subject to the enhanced statutory penalties, on the basis that he never received the § 851 notice.

During sentencing, the district court overruled Blackmon's objection to the § 851 notice, after giving Blackmon the opportunity to withdraw from his guilty plea. With regard to Blackmon's drug quantity and enhancement for role in the offense objections, defense counsel admitted that the Government could prove a quantity of 50 to 150 grams of cocaine base, but not the nearly 1.5 kilograms recommended in the presentence report. Blackmon's argument was premised on <u>United States v. Booker</u>, 543 U.S. 220 (2005), and he asserted that the drug amount and role in the offense enhancements were enhancing factors that still must be found by the jury. The district court agreed with Blackmon, stating that it was "of the opinion that [after <u>Booker</u>] it's still necessary for a jury to find enhancements in this case." The district court then sustained Blackmon's objections to drug quantity and role in the offense, finding that the drug quantity attributable to Blackmon was between 50 and 150 grams of cocaine base and that his offense level should not be increased based on his leadership role in the offense. The district court applied the

three-level reduction for acceptance of responsibility, and determined that Blackmon's offense level was 29, with an attendant guideline range of 140 to 175 months. After upholding the validity of the § 851 information, the district court concluded that the applicable statutory mandatory minimum term of imprisonment was 240 months. The district court stated that it considered the factors noted in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), considered the guidelines to be advisory, and further considered that, after consulting the guidelines, he was to enter a reasonable sentence. The district court then announced the sentence of 200 months' imprisonment (below the statutory mandatory minimum), followed by a ten-year term of supervised release.[1]

On appeal, Blackmon challenges the district court's determination that he was responsible for 50 to 150 grams of crack cocaine and further contends that the district court's statement of reasons for the sentence it imposed was inadequate. The sole issue raised by the Government in its cross-appeal is that the district court erred in refusing to enhance Blackmon's sentence based on facts not found by the jury where the district court's refusal to apply such enhancement was based on the mistake of law that such enhancement could not be applied notwithstanding the advisory

---

[1]At the conclusion of the hearing, the district court repeated its conclusion that it lacked the authority to enhance Blackmon's sentence based on the amount of drugs or his role in the conspiracy.

nature of the guidelines.[2]  Given our determination that this case requires resentencing, as discussed below, the issues raised by Blackmon on appeal are moot.

Whether the district court properly applied the Sixth Amendment right to a jury trial to require a jury's finding of fact to support a sentencing enhancement is a question of law that this court reviews de novo.  United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  In determining a sentence post-Booker, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a).  Id.  As we stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range.  Id. at 546-47.  Further, this court has stated that, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the

_____

[2]In response, Blackmon contends that even if the district court was incorrect about its fact-finding role in the wake of Booker, there was no cognizable error because the district court imposed a sentence by treating the guidelines as advisory and by invoking its powers under § 3553(a).

applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005).

In sentencing defendants after <u>Booker</u>, district courts should apply a preponderance of the evidence standard, taking into account that the resulting guideline range is advisory only:

> <u>Booker</u> does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of <u>Booker</u> held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application. As a practical matter, then, [a defendant's] sentence[] would be determined in the same way if [he was] sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system.

<u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (internal quotation marks and citation omitted); <u>see also</u> <u>United States v. Dalton</u>, 409 F.3d 1247, 1252 (10th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).

Here, the district court plainly stated on the record that only the jury had the authority to find enhancements in this case. It sustained Blackmon's objections to the enhancements on the basis that it did not have the authority to enhance Blackmon's sentence based either on a drug quantity greater than that to which Blackmon admitted or on his leadership role in the conspiracy, because to do so would violate <u>Booker</u> and Blackmon's Sixth Amendment rights. In so doing, we find that the district court

erred as a matter of law.  Moreover, because the guideline range was not properly calculated, Blackmon's sentence was not reasonable.  See Green, 436 F.3d at 456.

Accordingly, we vacate Blackmon's sentence and remand for resentencing in compliance with Booker and its progeny.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[3]In resentencing Blackmon, the district court should follow this court's directive in Green, and must:

> (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

Green, 436 F.3d at 455-56 (footnote omitted).  A sentence not imposed within the properly calculated range must be based on the factors listed under § 3553(a), which include the nature and circumstances of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from the defendant's future crimes, to provide the defendant with needed training, medical care and other correctional treatment.  18 U.S.C.A. § 3553(a).  Id. at 456.